IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED SURETY & INDEMNITY CO., <br><br> Plaintiff, <br><br> v. <br><br> YABUCOA VOLUNTEERS OF AMERICA ELDERLY HOUSING, INC., ET AL., <br><br> Defendants. | **Civil No. 13-1828 (SEC)** |

**OPINION AND ORDER**

Before the Court are codefendant Department of Housing and Urban Development's (HUD) motions to dismiss (Dockets # 14 & 42), codefendant Yabucoa Volunteers of America Elderly Housing, Inc. (Yabucoa) and plaintiff United Surety & Indemnity Co.'s (USIC) oppositions thereto (Dockets # 28, 38, 46, and 48), and HUD's replies (Dockets # 40 and 67). For the reasons set forth below, the case against HUD is **DISMISSED without prejudice**, and HUD's motions to dismiss are declared **MOOT.**

**Factual and Procedural Background**

On October 4, 2013, USIC filed suit in local court requesting a declaratory judgment that it be freed from any responsibility it may have had under a Performance and Payment Bond for a construction project. Dockets # 1 & 38. USIC then sued HUD alleging that it was an indispensable party. Id. HUD then removed the case to this court pursuant to 28 U.S.C. § 1442, which permits removal when the defendant is an agency of the United States. Docket # 1; see State of Nebraska v. Bentson, 146 F.3d 676, 679 (9th Cir. 1998) (explaining that Section 1442 was amended in 1996 to expressly allow for removal by federal agencies).

HUD now requests dismissal on four grounds: (1) sovereign immunity; (2) USIC's lack of standing; (3) HUD is not an indispensable party; and (4) lack of jurisdiction over this action. Docket # 14. In its opposition, USIC concedes that HUD is not an indispensable party and moves for voluntary dismissal without prejudice of all claims against HUD under Federal Rule of Civil Procedure 41(a)(2). Docket # 38, p. 3-5.

**Applicable Law and Analysis**

Here, USIC erroneously invokes Rule 41(a)(2) as the basis for its voluntary dismissal. This rule provides that, after the defendant has answered the complaint or filed a motion for summary judgment and if no stipulation has been consented to by all parties, an action may be dismissed at the plaintiff's request only by court order and on terms that the court considers proper. Fed. R. Civ. P. 41(a)(2); 9 Charles Alan Wright, et al., Federal Practice and Procedure § 2364 (3d ed.). Since HUD had neither filed an answer nor a motion for summary judgment, the Court construes USIC's willingness to dismiss as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(A)(i). See Webb v. Green Tree Servicing, LLC, 2011 WL 6141464, *12 (D. Md. Dec. 9, 2011) (construing plaintiff's willingness to dismiss the claim stated in her opposition to defendant's motion to dismiss as a notice of voluntary dismissal since "to be effective, withdrawal of a claim need not take the particular form of a document captioned 'Notice of Voluntary Dismissal'"); see also Wright, supra, § 2363 n. 37 (3d ed.).[1]

---

[1] Even under Rule 41(a)(2), the same outcome would follow. In making a determination under a Rule 41(a)(2) motion, courts have to evaluate the following factors: (1) the effort and expense incurred by the defendant in preparation for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation for the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. Doe

Pursuant to Rule 41(a)(1)(A)(i), a plaintiff may dismiss an action <u>without a court order</u> "before the opposing party serves either an answer or a motion for summary judgment." This provision intends to preserve plaintiff's right to unilaterally dismiss an action and, at the same time, limit that right to an early stage of the litigation. <u>See</u> James W. Moore et al., <u>Moore's Federal Practice</u> § 41.33[1].

A dismissal under Rule 41(a)(1)(A)(i) may be effective against fewer than all defendants. <u>See</u> <u>Cabrera v. Municipality of Bayamón</u>, 622 F.2d 4, 6 (1st Cir. 1980); <u>Aggregates (Carolina), Inc. v Kruse</u>, 134 F.R.D. 23, 25 (D.P.R. Feb. 26, 1991); Wright, <u>supra</u>, § 2363. Under Fed. R. Civ. P. 41(a)(1)(A)(i), "a voluntary dismissal by plaintiff of any particular defendant is available (without stipulation or court order) up until the time that <u>that</u> defendant answers or moves for summary judgment." <u>Aggregates (Carolina), Inc. v Kruse</u>, 134 F.R.D. 23, 25 (D.P.R. Feb. 26, 1991) (emphasis added); <u>see also</u> <u>Pedrina v. Chun</u>, 987 F.2d 608, 610 (9th Cir. 1993) (expressly agreeing with "the First, Third, Fifth, and Eighth circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment"); <u>Cabrera</u>, 622 F.2d at 6 (1st Cir. 1980).[2] Therefore, the fact that Yabucoa answered the complaint does

---

v. Urohealth Sys., Inc., 216 F.3d 157, 160 (1st Cir. 2000); <u>Barnes De La Texera v. San Jorge Children's Hospital</u>, 2014 WL 6746816 (D.P.R. Dec. 1, 2014); <u>Sánchez-Velázquez v. Municipality of Carolina</u>, 2012 WL 5471127 (D.P.R. Nov. 9, 2012). Since most, if not all, of these factors would have been resolved in USIC's favor, the Court in its sound discretion would have granted Plaintiff's request. <u>See</u> <u>Grover v. Eli Lilly & Co.</u>, 33 F.3d 716, 718 (6th Cir. 1994) (A district court abuses its discretion in granting a Rule 41(a)(2) motion only where the defendant would suffer '[p]lain legal prejudice' as a result of a dismissal without prejudice").

[2] It has been stated that:
> The service of an answer or motion for summary judgment by some defendants will not defeat the plaintiff's right to dismiss against any of the non-answering or non-moving defendants. The notice will be effective as against a non-answering

Civil No. 13-1828 (SEC) Page 4

not defeat USIC's right to dismiss against HUD. Neither is USIC's right extinguished by the filing of HUD's motion to dismiss. It is clear that a motion to dismiss under Fed. R. Civ. P. 12(b) is not equivalent to an answer or motion for summary judgment. Matta-Ballesteros v. United States, 66 F.3d 306 (1st Cir. 1995) (unpublished disposition); Universidad Central del Caribe, Inc. v. Liaison Comm. on Med. Educ., 760 F.2d 14, 17 (1st Cir. 1985); Moore, supra, § 41.33 [2(e)(5)(c)(viii)(A)]; Wright, supra, § 2363 n. 37.

USIC's dismissal is thus effective immediately and does not require judicial approval. The right to voluntary dismissal by notice "extends as fully to cases removed from a state court as it does to cases commenced in a federal court." Wright, supra, § 2363. And "when a dismissal would permit the interpretation of state law by the state court instead of its prospective application by the federal court, the right to a voluntary dismissal should be read broadly." Id.

As to the effect of a voluntary dismissal without prejudice, it is well settled that it renders the proceedings a nullity, leaving the parties as if the action had never been brought. National R.R. Passenger Corp. v. International Ass'n of Machinists and Aerospace Workers, 915 F.2d 43, 48 (1st Cir. 1990). In other words, "the dismissal 'carries down with it previous proceedings and orders in the action, and all pleadings, both of plaintiff and defendant, and all issues, with respect to plaintiff's claim." Id. "Since the notice terminates the action, '[t]here is nothing the defendant can do to fan the ashes of that action into life." Wright, supra, § 2363. Accordingly, the Court need not address the arguments in opposition

---

defendant, even if the same notice improperly names other defendants who have answered or moved for summary judgment. Moore, supra, § 41-33.

to USIC's voluntary dismissal, and Yabucoa's crossclaim against HUD (Docket # 43) as well as its motion for leave to amend the crossclaim (Docket # 73) are declared **MOOT**.

Finally, because Rule 41(a)(1)(B) provides that "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice," HUD's request that the dismissal be with prejudice is misplaced. The Court has no role to play and it cannot impose conditions. Smith v. Potter, 513 F.3d 781, 782 (7th Cir. 2008); Aggregates, 134 F.R.D. at 27 (stating that a a voluntary dismissal under Rule 41(a)(1)(A)(i) may not be conditioned by the court and cannot be opposed by another party); Wright, supra, § 2363. Thus, USIC's claims against HUD are hereby **DISMISSED without prejudice**, and HUD's motions to dismiss are declared **MOOT**. See In re Genzyme Corp. Shareholder Litigation, 2011 WL 4572540 (D. Mass. 2011) (defendant's motion to dismiss denied as moot because plaintiff gave notice of voluntary dismissal before defendant served answer or motion for summary judgment).

### Conclusion

For the foregoing reasons, all claims against HUD are **DISMISSED without prejudice**, HUD's motions to dismiss are denied as **MOOT**, and Yabucoa's crossclaim and motion for leave to amend the crossclaim are also declared **MOOT.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March, 2015.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge